UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JASON WILD,

                       Petitioner,

v.

UNITED STATES OF AMERICA,

                       Respondent.

Case No.:  18cv2193, 15cr2771-AJB

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION OF THE DENIAL OF HIS 28 U.S.C. § 2255 PETITION**

**(Doc. No. 164)**

Before the Court is Petitioner Jason Wild's ("Petitioner") motion for reconsideration of the Court's Order denying his petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel. (Doc. No. 164.) The background of this case is fully set forth in the Court's Order denying Petitioner's § 2255 Motion, (Doc. No. 160), and therefore need not be repeated here. Upon full review of the record and arguments and assertions presented by Petitioner, the Court **DENIES** the motion for reconsideration.

## I.   LEGAL STANDARD

A motion for reconsideration or relief from a judgment may be brought under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). *Fuller v. M.G. Jewelry*, 950 F. 2d 1437, 1442 (9th Cir. 1991) (citing *Taylor v. Knapp*, 871 F. 2d 803, 805 (9th Cir. 1989)). Pursuant to Rule 59(e), a motion for reconsideration "must be filed no later than 28 days

after the entry of the judgment" and may be granted if the district court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks and citations omitted).

Pursuant to Rule 60(b), a court may "relieve a party or its legal representative from a final judgment, order, or proceeding" for enumerated reasons, including the catch-all "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Supreme Court, however, made clear "that, like other Federal Rules of Civil Procedure, Rule 60(b) applies in the habeas context 'only to the extent that it is not inconsistent with applicable federal statutory provisions and rules.'" *Mitchell v. United States*, 958 F.3d 775, 784 (9th Cir. 2020) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)). As such, "Rule 60(b) does not apply to the extent it is inconsistent with the habeas rules' limitations on second or successive applications." *Id.* Although *Gonzalez* was decided in the context of a § 2254 habeas petition, the Ninth Circuit held in *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011), that the reasoning in *Gonzalez* applies equally to § 2255 motions filed by federal prisoners. *Mitchell*, 958 F.3d at 784 n.6.

## II.   **DISCUSSION**

In the instant motion for reconsideration, Petitioner argues that the Court erred: (1) by failing to hold a hearing on his § 2255 petition and (2) by denying his petition based exclusively on the declaration of the attorney he alleged to have rendered ineffective assistance. (*Id.* at 1–3.) As an initial matter, the Court notes that Petitioner does not specify whether he seeks reconsideration or relief from judgment under Rule 59(e) or Rule 60(b). Even construing his motion liberally, however, he fails to articulate a basis sufficient to warrant relief under either rule.

First, the Court finds that Petitioner's motion is untimely for purposes of Rule 59(e) reconsideration. The Court entered the Order denying Petitioner's § 2255 petition on January 8, 2020. (Doc. No. 160.) Petitioner did not file his motion for reconsideration until February 24, 2020—well beyond 28 days of the Order. Fed. R. Civ. P. 59(e). Thus, it is

untimely, and cannot be considered under Rule 59(e). *See United States v. Martin*, 226 F.3d 1042, 1047 n.7 ("[I]t makes sense to conclude that a motion for reconsideration of an order finally resolving a § 2255 petition must meet the time limits set in Rule 59(e).").

Second, the Court finds that to the extent that Petitioner seeks relief from judgment under Rule 60(b), the Court lacks jurisdiction because the arguments in his motion are, in essence, "attacking the federal court's previous resolution of a claim on the merits," thereby turning it into a second or successive habeas motion. *Mitchell*, 958 F.3d at 785 (quoting *Gonzalez*, 545 U.S. at 531). While "a motion asserting some defect in the integrity of a habeas proceeding, such as a claim of fraud on the federal habeas court" would not constitute a "claim," *id.* at 785, Petitioner makes no such arguments in his motion. Instead, Petitioner argues that the Court failed to hold a hearing on his petition; however, there is no such requirement. "A judge may, in the judge's discretion, decide a motion without oral argument." Civ. Local R. 7.1.d.1. Petitioner also argues that the Court erred in giving weight to prior attorney's declaration; however, this argument is clearly an attack on the Court's previous resolution of his habeas on the merits. *See Mitchell*, 958 F.3d at 785. And in any event, the record shows that the Court's findings on his petition were based on the totality of evidence, not solely on his prior attorney's affidavit.[1] (*See* Doc. No. 160 at 4–5.) Thus, as Petitioner's arguments amount to a second or successive habeas motion, and there is no certificate of appealability for such motion, the Court must deny it. *See Mitchell*, 958 F.3d at 784 ("Rule 60(b) motion presenting a claim cannot proceed without certification from the court of appeals; otherwise, 'Rule 60(b) would impermissibly circumvent' the second or successive bar.") (quoting *Gonzalez*, 545 U.S. at 531–32).

//

//

//

---

[1] Contrary to Petitioner's assertion, his prior counsel's affidavit is admissible evidence upon which the Court may rely because it is relevant and probative as to the issues raised in Petitioner's ineffective assistance of counsel claims. Fed. R. Evid. 402

18cv2193, 15cr2771-AJB

### III.   <u>CONCLUSION</u>

Accordingly, the Court **DENIES** Petitioner's motion for reconsideration.

**IT IS SO ORDERED**.

Dated:  November 9, 2020

Hon. Anthony J. Battaglia
United States District Judge

18cv2193, 15cr2771-AJB